## KILPATRICK v. LUDWIG CARVED-MOULDING CO.

(City Court of New York, General Term. March 19, 1895.)

TROVER AND CONVERSION—PROOF OF OWNERSHIP.
  In an action for conversion of 5 picture cases, plaintiff claimed under a bill of sale given by one S. Defendant alleged that S. had agreed to manufacture for it 16 picture cases; that he completed and delivered 11 cases, for which he was paid; that, on a certain day before the bill of sale to plaintiff was given, S. agreed that defendant should take possession of the five cases in controversy, finish them, and deduct the cost thereof from the price; and that defendant was in possession of the five cases under such

agreement at the time the bill of sale was given to plaintiff. *Held,* that it was error to refuse to allow defendant to examine S. as to the alleged agreement.

Appeal from trial term.

Action by Margaret H. Kilpatrick against Ludwig Carved-Moulding Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGER, JJ.

Clemens J. Kracht, for appellant.

Kelly & MacRae, for respondent.

NEWBURGER, J.   This is an appeal by the defendant from a judgment entered upon a verdict of a jury directed by the court. This action was brought to recover the value of certain picture cases claimed to have been converted by the defendant.   Plaintiff claims that one Simpkins purchased from her a quantity of lumber, and to secure payment therefor, upon the 14th day of June, 1893, he sold to her certain picture cases then in the premises in East 128th street, occupied by Simpkins.   At this time there were five cases in Simpkins' possession.   That on the morning of June 15th the plaintiff's husband, acting as her agent, called at Simpkins' for the cases, but found the officers of defendant taking away the cases, and, despite the protest of plaintiff's agent, defendant's said officers removed the cases.   The answer of the defendant, after denying all the material allegations of the complaint, sets up, as a separate defense, that defendant and said Simpkins entered into an agreement in the month of October, 1892, whereby Simpkins agreed to manufacture for defendant 16 picture cases, and thereafter he completed and delivered 11 cases to defendant, for which he was paid.   That on or about May 8, 1893, it was agreed between defendant and Simpkins that defendant should take possession of the 5 cases, finish and complete them, and charge Simpkins with the money to be paid out by defendant for the labor and material necessary for the finishing and completing the cases, and to deduct the sum of money to be thus paid from the contract price to be paid Simpkins for manufacturing the 5 cases, and pay any balance which might remain to said Simpkins.   In pursuance of said agreement, defendant took possession of the 5 cases mentioned and referred to in the complaint, performed work and labor upon the same, and furnished material used in and towards completing the cases, and paid, laid out, and expended, for work and labor bestowed and materials furnished and used in and towards furnishing and completing the same, various sums of money.   That prior to and on and after said 14th day of June, 1893, the defendant was the owner and in possession of said 5 picture cases mentioned in the complaint, and entitled to the possession thereof.   At the trial the plaintiff called Simpkins as a witness, and, on cross-examination, the defendant asked him the following questions:

"(1) Did you request defendant to finish and complete them? (Objected to as immaterial and irrelevant. Objection sustained. Exception.) (2) Didn't you request the defendant to pay the wages of the men working on the cases? (Same ruling. Exception.) (3) Who finished them? (Same ruling. Exception.) (4) Didn't the defendant finish them? (Same ruling. Exception.) (5) Did not the defendant do all the work on them between May 11th and June 14th? (Same ruling. Exception.)"

We think the trial justice erred in excluding these questions. The plaintiff claimed title through Simpkins, and defendant was entitled to show by Simpkins, as is claimed in its answer, that prior to the bill of sale to the plaintiff the property had come in the possession of the defendant by transfer and delivery from Simpkins to it, and properly no one would be more familiar with the subject than Simpkins himself, and therefore the questions put to him on cross-examination were material. Without considering the other points raised by the appellant, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.